JUDGE ABRAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 8855

MARCELLUS WALKER,

                        Plaintiff,

- against -

CITY OF NEW YORK; and Police Officer
DAMIEN BANKS

                       Defendants.

13 Civ.

**COMPLAINT AND
JURY DEMAND**

**ECF CASE**

RECEIVED DEC 13 2013 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action for damages brought by Plaintiff Marcellus Walker pursuant to 42 U.S.C. § 1983.

2. On or about September 21, 2012, while Plaintiff was sitting outside of his home, he was brutally thrown to the ground and arrested by an angry, out-of-control police officer. Plaintiff was roughed up, handcuffed, humiliated, and imprisoned for approximately twenty-four hours—for doing nothing more than criticizing the officer's driving.

3. Plaintiff now seeks redress against the City of New York and the police officer who abused and arrested him.

## JURISDICTION AND VENUE

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367(a).

6. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

1

## JURY DEMAND

7. Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff Marcellus Walker is a citizen of the United States and a resident of New York.

9. Defendant City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is responsible. Under this authority, Defendant City has created the New York City Police Department ("NYPD").

10. At all times relevant hereto, Defendant Damien Banks ("Banks") was a police officer within the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, within the scope of his employment as such, and acting under color of state law. At the time of the events alleged herein, Defendant Banks worked at the 025 Precinct. Defendant Banks is sued in his individual capacity.

## STATEMENT OF FACTS

11. On September 21, 2012, Plaintiff was sitting on a bench enjoying the final day of summer. He was seated outside of his home at 2369 First Avenue, New York, New York, together with other residents of the building.

12. Defendant Banks drove by Plaintiff, traveling east and speeding through the pedestrian walkway that cuts through Plaintiff's apartment complex. Quickly snaking his car through the walkway generally reserved for pedestrians, Defendant Banks almost ran into a woman pushing a baby carriage. When he arrived at the easternmost boundary of the apartment

complex, Defendant Banks turned south on the northbound avenue adjacent to the complex, going against traffic.

13. Defendant Banks was driving an unmarked car, and the car did not have its lights or sirens on.

14. Defendant Banks suddenly stopped and reversed his car back up First Avenue, still speeding.

15. He then turned back onto the pedestrian walkway, this time traveling west, and sped back through the apartment complex for a second time.

16. Plaintiff called out, "You're reckless." Plaintiff also muttered an expletive to the people beside him.

17. At no time did Plaintiff approach Defendant Banks's vehicle. At no time did Plaintiff obstruct the path of the vehicle. At no time did Plaintiff interrupt Defendant Banks. At no time did Plaintiff cause a crowd to gather.

18. Defendant Banks continued driving. He disappeared from Plaintiff's sight. Several minutes later, Defendant Banks reappeared on foot. Defendant Banks approached Plaintiff, pushed him to the ground, jammed his knee in Plaintiff's back, and pressed Plaintiff's head into the pavement.

19. Plaintiff did not threaten Defendant Banks. Plaintiff did not use any physical force against Defendant Banks. Plaintiff did not attempt to defend himself. Plaintiff did not raise his voice at Defendant Banks.

20. Nonetheless, Defendant Banks handcuffed and arrested Plaintiff.

21. Plaintiff did not resist arrest.

22. Following his arrest, Plaintiff was held for approximately twenty-four hours in jail before he was released.

23. Based upon false statements of Defendant Banks, the Manhattan District Attorney's Office charged Plaintiff with Obstruction of Governmental Administration in the Second Degree, N.Y. Penal Law § 195.05, and Disorderly Conduct, N.Y. Penal Law § 240.20(3).

24. Defendant Banks had no probable cause to believe Plaintiff had broken any law, and he maliciously caused Plaintiff's prosecution.

25. On February 11, 2013, the Manhattan District Attorney's office terminated the prosecution favorably to Plaintiff by dismissing both charges.

26. Within ninety days after Plaintiff was arrested on September 21, 2012, a written notice of claim sworn by Plaintiff (the "First Notice of Claim") was served upon Defendants at the Comptroller's Office at 1 Centre Street, New York, New York. At least thirty days have elapsed since the service of the First Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

27. Within ninety days after the prosecution against Plaintiff was terminated favorably on February 11, 2013, a written notice of claim sworn by Plaintiff (the "Second Notice of Claim") was served upon Defendants at the Comptroller's Office at 1 Centre Street, New York, New York. At least thirty days have elapsed since the service of the Second Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

28. This action has been commenced within one year and ninety days after the happening of the events upon which the claim is based.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983/Fourth Amendment
### (Against Defendant Banks)

29. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

30. Defendant Banks arrested Plaintiff and caused him to be imprisoned without probable cause in violation of Plaintiff's right under the Fourth Amendment to be free from unreasonable seizure.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983/Fourth Amendment
### (Against Defendant Banks)

31. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

32. Defendant Banks's use of excessive force in throwing Plaintiff to the ground, shoving his knee into Plaintiff's back, and pushing Plaintiff's head to the ground violated Plaintiff's right under the Fourth Amendment to be free from unreasonable seizure.

## THIRD CAUSE OF ACTION
### 28 U.S.C. § 1983/Fourth Amendment
### (Against Defendant Banks)

33. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

34. Defendant Banks maliciously caused the prosecution of Plaintiff in violation of the Fourth Amendment. Defendant Banks acted with malice and lacked probable cause for prosecution. The prosecution terminated favorably to Plaintiff.

## FOURTH CAUSE OF ACTION
### Assault
### (Against Both Defendants)

35. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

36. Defendant Banks intentionally, willfully, and maliciously assaulted Plaintiff when he intentionally engaged in a violent and/or menacing act that threatened Plaintiff with imminent harmful and/or offensive bodily contact, and caused apprehension of such contact in Plaintiff.

37. Defendant Banks was at all times an agent, servant, and employee acting within the scope of his employment of Defendant City, which is therefore responsible for Defendant Banks's conduct.

### FIFTH CAUSE OF ACTION
### Battery
### (Against Both Defendants)

38. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

39. Defendant Banks intentionally, willfully, and maliciously battered Plaintiff, when he, in a hostile and/or offensive manner, struck Plaintiff with the intention of causing harmful and/or offensive bodily contact to Plaintiff and did cause such contact.

40. Defendant Banks was at all times an agent, servant, and employee acting within the scope of his employment of Defendant City, which is therefore responsible for Defendant Banks's conduct.

### SIXTH CAUSE OF ACTION
### False Arrest
### (Against Both Defendants)

41. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

42. Defendant Banks intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

43. Defendant Banks was at all times an agent, servant, and employee acting within the scope of his employment of Defendant City, which is therefore responsible for Defendant Banks's conduct.

### SEVENTH CAUSE OF ACTION
### Malicious Prosecution
### (Against Both Defendants)

44. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

45. The acts and conduct of the Defendants constitute malicious prosecution under the laws of the State of New York. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to plaintiff.

46. Defendant Damien Banks was at all times an agent, servant, and employee acting within the scope of his employment by the City of New York which is therefore responsible for his conduct.

### EIGHTH CAUSE OF ACTION
### Negligent Hiring/Training/Discipline/Retention
### of Employment Services
### (Against Defendant City)

47. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

48. Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the conduct alleged, because under the same or similar circumstances, a reasonable, prudent, and careful person should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the foregoing conduct.

49. Upon information and belief, Defendant Banks was unfit and incompetent for his position.

50. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that Defendant Banks was potentially dangerous.

51. Upon information and belief, Defendant City's negligence in hiring, training, disciplining, and retaining Defendant Banks proximately caused Plaintiff's injuries.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by Plaintiff as a result of the events alleged herein.

2. Punitive damages against Defendant Banks in an amount to be determined at trial.

3. An order awarding Plaintiff reasonable attorneys' fees, together with the costs of this action.

4. Such other further relief as the Court may deem appropriate.

Dated: December 13, 2013
New York, New York

                        EMERY CELLI BRINCKERHOFF
                        & ABADY LLP

                        */s/ Earl S. Ward*

                        Earl S. Ward, EW-2875
                        Alison Frick, AF-6039
                        75 Rockefeller Plaza, 20th Floor
                        New York, New York 10019
                        (212) 763-5000

                        *Counsel for Plaintiff Marcellus Walker*